# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET VERREES, M.D., | Case No. 1:16-cv-01392-LJO-SKO |
| Plaintiff, | **ORDER GRANTING IN PART AND DENIES IN PART PLAINTIFF'S "MOTION FOR SUBMISSION OF SECOND AMENDMENT"** |
| v. | **(Doc. 24)** |
| JAMES DAVIS, M.D., et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiff Margaret Verrees, M.D.'s "Motion for Submission of Second Amendment," in which Plaintiff seeks leave to file a second amended complaint (the "Motion"). (Doc. 24.) For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART the Motion.

## II. BACKGROUND

On September 20, 2016, Plaintiff Margaret Verrees M.D., proceeding *pro se*, paid the filing fee and filed a 74-page complaint that purported to allege claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Sections 1 and 2 of the Sherman Antitrust Act, and for intentional interference with prospective economic advantage and defamation. (Doc. 1 ("Compl.").) It appears these claims arose out of Plaintiff's termination by her former employer, Central California Faculty Medical Group, one of 11 named defendants. (*See id.*) In her

complaint, Plaintiff sought compensatory damages, attorney's fees and costs, "damages presumed as a result of damage to business and professional practice reputation," and exemplary and punitive damages. (*See id.* at 74 ("Prayer").)

On December 19, 2016, prior to effecting service of the complaint upon the defendants, Plaintiff filed a 96-page amended complaint that purports to allege the same claims and seeks the same relief against the same defendants as did the initial complaint, but includes an additional 22 pages of factual allegations in support of her claims. (Doc. 16) ("Am. Compl.").) On April 17, 2017, the Court noted that proofs of service of the amended complaint had not yet been filed on the docket, and ordered Plaintiff to either file such proofs of service, or a status report indicating whether Plaintiff intended to continue to prosecute this action by May 10, 2017. (Doc. 18.)

Plaintiff filed her status report indicating her intent to prosecute this action on May 10, 2017, and advised the Court that service of the amended complaint had been arranged. (Doc. 19.) On June 21, 2017, Plaintiff advised that service of the amended complaint was to occur the week of June 26, 2017, and that proofs of service would be filed with the Court by June 30, 2017. (Doc. 20.) The Court, therefore, continued the mandatory scheduling conference set for July 31, 2017, to August 17, 2017. (Doc. 21.)

On July 5, 2017, Plaintiff advised the Court that she intended to file proofs of service the amended complaint on the defendants by July 12, 2017. (Doc. 22.) On August 11, 2017, with no proofs of service filed, the Court once again continued the scheduling conference and ordered Plaintiff to file a status report by no later than August 18, 2017, stating whether Plaintiff intended to prosecute this case and providing dates by which Plaintiff would serve the defendants. (Doc. 23.)

On August 16, 2017, Plaintiff filed a "Motion for Submission of Second Amendment" (the "Motion"), seeking leave to file a 2,185-page second amended complaint.[1] (Doc. 24.)

//
//

---

[1] Due to its volume, Plaintiff's proposed second amended complaint was not filed on the docket and was instead lodged with the Clerk of Court.

2

## III. DISCUSSION

**A. Legal Standards**

As lawyers must, *pro se* litigants must become familiar, and comply, with the Rules of Civil Procedure, the Local Rules for the District Court, and comply with court orders. *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986); King v. Atiyeh, 814 F.2d 56, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

### 1. Federal Rule of Civil Procedure 15(a)(2)

A party may amend a pleading once as a matter of course within 21 days after serving it or within 21 days of service of a responsive or motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1). In all other circumstances, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires." *Id.* In the Ninth Circuit, a *pro se* litigant must be given leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### 2. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to state a claim for relief, a plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

//

Rule 8 is violated when a pleading says too little–the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, however, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held–and we know of no authority supporting the proposition–that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

**B.     Analysis**

Plaintiff's proposed second complaint is, as previously noted, over 2,100 pages in length. It includes 7 additional causes of action than those asserted in the first amended complaint, including claims for "whistleblowing" and violation of section 182 of the California Penal Code. The proposed second amended complaint, as Plaintiff freely admits in her Motion, is "extensive and long," and contains "much material that otherwise would not be included until interrogatories, depositions, and trial." (Doc. 24 at 3.) The Court declines to expend its limited resources reviewing and summarizing Plaintiff's allegations in her proposed second amended complaint since it clearly violates Rule 8.

It is not "absolutely clear" at this time, however, that the deficiencies in pro se Plaintiff's proposed second amended complaint cannot be cured by amendment to allege sufficient factual allegations to support a plausible claim or claims. Consistent with Ninth Circuit precedent instructing district courts to grant leave to amend, especially when dealing with *pro se* litigants, Plaintiff's Motion will be granted in part, and the Court will allow Plaintiff an opportunity to file a second amended complaint, if she so chooses, <u>that complies with Rule 8(a)</u>. To the extent Plaintiff's Motion seeks to file the proposed second amended complaint in its current form, as lodged with the Clerk of Court, the Motion is denied.

If Plaintiff elects to file a second amended complaint, her claims must be set forth in short and plain terms, *simply*, *concisely,* and *directly*. *See Swierkiewicz*, 534 U.S. at 514 ("Rule 8(a) is

4

the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from her second amended complaint all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.[2] *See McHenry*, 84 F.3d at 1180. Plaintiff's second amended complaint must identify the improper actions or basis for liability of each defendant and the factual allegations must demonstrate a plausible claim(s).[3]

The Court (and the defendants) should be able to read and understand Plaintiff's pleading within minutes. *Id.* at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged injury or joining a series of unrelated claims against many defendants very likely will result in a recommendation of dismissal with prejudice to the presiding district judge for failure to comply with these instructions.

## IV. ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion for Submission of Second Amendment" (Doc. 24) is GRANTED IN PART and DENIED IN PART;

2. Plaintiff's request for leave to file the proposed second amended complaint lodged with the Clerk of Court on August 16, 2017, is DENIED;

3. **Within twenty-one (21) days from the date of service of this order**, Plaintiff must either:

   a. file a second amended complaint that complies with Fed. R. Civ. P. 8(a), as set forth by the Court in this order, or

   b. notify the Court in writing that she does not wish to file a second amended complaint and wishes to proceed on her first amended

---

[2] In addition, the Court notes that Plaintiff's proposed second amended complaint appears to include medical and other health information of third parties. Such information is unnecessary, in light of Rule 8(a)'s requirements, and its inclusion may run afoul of federal and state laws designed to protect its disclosure, such as the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

[3] A claim for violation of section 182 of the California Penal Code is not a plausible claim, for example, because there is no private right of action for violation of that section. *See Harvey v. City of S. Lake Tahoe*, No. CIV S–10–1653 KJM EFB PS, 2011 WL 3501687, at *7 (E.D. Cal. Aug. 9, 2011). Similarly, the proposed second amended complaint fails to identify the specific federal or state law upon which her "whistleblower" claim is based, raising a question–not considered at this stage–as to whether it is cognizable.

5

complaint (Doc. 16); and

4. If Plaintiff fails to comply with this order, this action will proceed only on the first amended complaint.

IT IS SO ORDERED.

Dated: **August 17, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE