# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET VERREES, M.D., | Case No. 1:16-cv-01392-LJO-SKO |
| Plaintiff, | **ORDER STRIKING SECOND AMENDED COMPLAINT** |
| v. | **(Doc. 28)** |
| JAMES DAVIS, M.D., et al., | **21 DAY DEADLINE** |
| Defendants. | |

On September 20, 2016, Plaintiff Margaret Verrees M.D., proceeding *pro se*, paid the filing fee and filed a 74-page complaint that purported to allege claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Sections 1 and 2 of the Sherman Antitrust Act, and for intentional interference with prospective economic advantage and defamation. (Doc. 1.) On December 19, 2016, prior to effecting service of the complaint upon the defendants, Plaintiff filed a 96-page amended complaint that purported to allege the same claims and sought the same relief against the same defendants as did the initial complaint, but included an additional 22 pages of factual allegations in support of her claims. (Doc. 16.)

Plaintiff does not appear to have served the first amended complaint on the defendants. Instead, on August 16, 2017, Plaintiff filed a "Motion for Submission of Second Amendment,"

seeking leave to file a 2,185-page second amended complaint.[1] (Doc. 24.) On August 18, 2017, the Court denied Plaintiff's request to file the proposed second amended complaint, but granted Plaintiff leave to either file a second amended complaint that complied with Fed. R. Civ. P. 8(a), or proceed on her first amended complaint. (Doc. 26.) Plaintiff was provided with the applicable legal standards so she could determine how she wished to proceed, and was advised that should she fail to comply with those legal standards, the action would proceed only on the first amended complaint. (*Id.*)

On September 11, 2017, Plaintiff filed her second amended complaint. (Doc. 28.) Despite having been provided the relevant pleading standards, Plaintiff's second amended complaint suffers from the same deficiencies as her prior proposed second amended complaint. Although admittedly shorter in length than her prior attempt, Plaintiff's second amended complaint contains 290 pages of rambling, disjointed factual allegations against multiple defendants, and includes copies of journal article excerpts, websites, photographs, tax documents, corporate filings, and other extraneous material. The Court notes that Plaintiff's second amended complaint is organized with approximately 65 pages titled "Nature of the Case," 121 pages of allegations purporting to relate to Plaintiff's civil racketeering claims, 95 pages purporting to relate to Plaintiff's antitrust claims, and 11 pages devoted to Plaintiff's remaining state and common law claims. (*See* Doc. 28.) Plaintiff, however, incorporates all of the prior pages of factual events in each cause of action, thereby making it virtually impossible, given its length, to determine which facts give rise to which claims, and includes at least one claim which the Court has already indicated is not cognizable.[2]

In sum, Plaintiff's second amended complaint is so verbose and disorganized–with varying typeface, formatting, and fonts throughout–that the Court is unable to determine how any of the named defendants might be able to ascertain the precise basis for Plaintiff's claims against such

---

[1] Due to its volume, Plaintiff's proposed second amended complaint was not filed on the docket and was instead lodged with the Clerk of Court.

[2] The Court's August 18, 2017, order advised that a claim for violation of section 182 of the California Penal Code is not a plausible claim because there is no private right of action for violation of that section. *See Harvey v. City of S. Lake Tahoe*, No. CIV S–10–1653 KJM EFB PS, 2011 WL 3501687, at \*7 (E.D. Cal. Aug. 9, 2011). Plaintiff's second amended complaint nevertheless continues to assert that claim.

defendant.  It does not comply with the Federal Rules of Civil Procedure and the order issued on August 18, 2017, and therefore, shall be stricken from the record.  Plaintiff shall be granted one final opportunity to correct defects and to delete surplusage from her allegations and file a complaint in compliance with the order entered on August 18, 2017.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (Doc. 28) is STRICKEN FROM THE RECORD;

2. **Within twenty-one (21) days from the date of service of this order**, Plaintiff must either:

    a. file a second amended complaint in compliance with this order and the order entered August 18, 2017, or

    b. notify the Court in writing that she does not wish to file a second amended complaint and wishes to proceed on her first amended complaint (Doc. 16); and

3. Plaintiff is CAUTIONED that if she fails to comply with the Court's orders, this action will proceed only on the first amended complaint.

IT IS SO ORDERED.

Dated: **September 13, 2017**           /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE